UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

SASCHA RICHARD WALTER GÖRLITZ,

Plaintiff-Petitioner,

v.

KAYLA ANN HAYDOCK, a U.S. Citizen,

Defendant-Respondent.

Case No. 1:25-cv-00472-AKB

**MEMORANDUM DECISION AND ORDER**

Pending before the Court is Petitioner's Motion for Attorney Fees and Costs (Dkt. 68). Respondent Kayla Ann Haydock did not file a response in opposition. The Court finds that Petitioner is presumptively entitled to an award of fees and costs in this case brought under the Civil Aspects of International Child Abduction (the Hague Convention) and the International Child Abduction Remedies Act (ICARA), 22 U.S.C. § 9001–9011 (Dkt. 1). Respondent has failed to rebut this presumption by showing that such an award would be clearly inappropriate. Petitioner, on the other hand, has met his burden with respect to the reasonableness of the attorney fees he requests. Therefore, the Court awards Petitioner $150,583 in attorney fees and $3,178.25 in costs.

## I. BACKGROUND

On June 22, 2025, Respondent wrongfully removed Petitioner's child from the Netherlands to the United States (Dkt. 60 ¶ 10, at 17). Petitioner retained a regional law firm, Holland & Hart LLP, to represent him in the United States courts and filed this action, petitioning the Court for the return of his minor child, under the Hague Convention and ICARA (Dkt. 1). Holland & Hart agreed to represent him on a "partial pro bono" basis—regardless of how many hours the case required, Petitioner's responsibility for fees was limited to $40,000 (Dkt. 68-1 at 3–4, 6).

On November 21, 2025, the Court held a pretrial conference and scheduled trial to begin on December 2. From late November until the commencement of trial, both parties filed various documents in anticipation of the trial, including witness and exhibit lists and trial briefs (Dkt. 36; Dkt. 37; Dkt. 38; Dkt. 39; Dkt. 40; Dkt. 42; Dkt. 50; Dkt. 52). The parties also engaged in motion practice. Respondent sought to introduce testimony from the minor child's treating psychiatrist, Dr. Leslie R. Miller, as a fact witness without having disclosed her as an expert witness. After the pretrial conference, Respondent filed a brief asserting that Dr. Miller could testify as a fact witness without an expert report (Dkt. 29). The Court rejected Respondent's proposed disclosure as inadequate under Federal Rule of Civil Procedure 26(a)(2)(C), found that Respondent had failed to comply with the Court's November 6 expert-disclosure deadline, and limited Dr. Miller's testimony to the subjects identified in Respondent's disclosure (Dkt. 31 at 2). The Court also permitted Petitioner to depose Dr. Miller, retain a responsive expert, or both (*id.* at 3).

Respondent also opposed Petitioner's proposal to present the testimony of Petitioner's paternal grandmother, who was elderly and residing in the Netherlands, by affidavit (Dkt. 35). Although the Court encouraged the use of affidavits and declarations for witness testimony (Dkt. 27), Respondent sought to cross-examine the grandmother in person and moved to strike her affidavit (Dkt. 35). The Court denied both the motion to strike and Respondent's renewed motion to strike during trial (Dkt. 55 at 1). The grandmother ultimately testified live on the second day of trial (*id.*). The parties also engaged in several informal discovery disputes before trial through the Court's law clerk, which were ultimately resolved in Petitioner's favor.

The Court conducted a two-day bench trial on December 2 and 3, 2025 (Dkt. 51; Dkt. 55), after which the parties submitted post-trial briefs (Dkt. 58; Dkt. 59). On January 9, 2026, the Court granted the petition and ordered that the child be returned to the Netherlands (Dkt. 60). Having

prevailed in his suit, Petitioner moved for an award of attorney fees as provided under § 9007(b)(3) (Dkt. 68). Respondent did not file an objection to Petitioner's requested attorney fees. The Court, however, has an independent obligation to review the requested fees for reasonableness.

## II. LEGAL STANDARD

Congress has provided that a court "ordering the return of a child" under the Hague Convention shall award "necessary expenses incurred by or on behalf of the petitioner, including court costs, legal fees, foster home or other care during the course of proceedings in the action, and transportation costs related to the return of the child." § 9007(b)(3); *Cuellar v. Joyce*, 603 F.3d 1142, 1143 (9th Cir. 2010). An award of reasonable fees to a prevailing Hague Convention petitioner is thus presumed unless the respondent can establish that such an award would be "clearly inappropriate." § 9007(b)(3).

If a petitioner establishes that he is presumptively entitled to an award of expenses under ICARA, the court must then determine whether the fees are reasonable, which involves a two-step process. *Gates v. Deukmejian*, 987 F.2d 1392, 1397 (9th Cir. 1992). First, the Court calculates the "lodestar figure," which is "the number of hours reasonably expended multiplied by a reasonable hourly rate." *Id.*; *Vogel v. Harbor Plaza Ctr., L.L.C.*, 893 F.3d 1152, 1160 (9th Cir. 2018). This analysis involves an examination of the "experience, skill and reputation of the attorney requesting fees" in addition to the prevailing market rate. *United States v. Fid. & Deposit Co. of Md.*, No. 19-cv-00293-RCT, 2022 WL 17128626, at *1 (D. Idaho Nov. 22, 2022) (quoting *Trevino v. Gates*, 99 F.3d 911, 924 (9th Cir. 1996)); *see Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). The court also considers the reasonableness of the hours expended, accounting for whether the hours were "excessive, redundant, or otherwise unnecessary." *Hensley*, 461 U.S. at 434. The court then

calculates the reasonable attorney fees by multiplying the hourly rate and expended hours. *Id.* at 433.

Second, the Court "assesses whether it is necessary to adjust the presumptively reasonable lodestar figure on the basis of the *Kerr* factors that are not already subsumed in the initial lodestar calculation." *Morales v. City of San Rafael*, 96 F.3d 359, 363–64 (9th Cir. 1996), *opinion amended on denial of reh'g*, 108 F.3d 981 (9th Cir. 1997).[1] Notwithstanding these factors, "[t]here is a strong presumption that the lodestar figure represents a reasonable fee." *Id.* "The burden of proving that such an adjustment is necessary" is on the party seeking the adjustment. *Blum v. Stenson*, 465 U.S. 886, 898 (1984).

## III. ANALYSIS

Petitioner requests an award of all his costs, attorney fees, and expenses related to returning the minor child to the Netherlands (Dkt. 68 at 1–2).

### A. Fee Entitlement Under § 9007(b)(3)

Petitioner is entitled by statute to fees and costs because he filed a petition seeking the return of his child under ICARA and prevailed. The fees and costs claimed by Petitioner were incurred during the course of proceedings. Furthermore, Respondent refused to return the minor child to Petitioner until after this Court made a final determination and ordered her to do so (Dkt. 60). Respondent's conduct also unnecessarily expanded the proceedings. She pursued

---

[1] The *Kerr* factors include "(1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the "undesirability" of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases." *Morales v. City of San Rafael*, 96 F.3d 359, 363 n.8 (9th Cir. 1996) (citing *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975)).

defenses that required substantial factual and legal development, challenged Petitioner's evidence, and required Petitioner to address expert and other evidentiary issues before and during the two-day bench trial. Accordingly, Petitioner necessarily incurred fees and costs in this matter.

Respondent did not file a response to Petitioner's motion and did not present any argument establishing that Petitioner is not clearly entitled to fees. This case fell squarely "within the heartland of the Hague Convention," and the Court is not aware of circumstances in which a fee award would interfere with Respondent's ability to care for the children. *See Cuellar*, 603 F.3d at 1143; *Harvey v. Means*, No. 23-cv-1712, 2024 WL 4144155, at *2 (W.D. Wash. Sep. 11, 2024).

Further, the fact that counsel partially provided their services pro bono does not make a fee award inappropriate. The Ninth Circuit has expressed a policy favoring fee awards for petitioners who successfully seek the Convention's return remedy—even when their lawyers represent them for free. *See Cuellar*, 603 F.3d at 1143. In *Cuellar*, the court held that the fee shifting analysis is not affected when attorneys represent a petitioner pro bono. *Id.* It reasoned that "denying fees . . . would encourage abducting parents to engage in improper delaying tactics whenever the petitioning parent is represented by pro bono counsel." *Id.* Further, the Convention might go unenforced without the services of pro bono counsel, and without regular awards of attorney fees, counsel might be difficult to find, especially for parents living in poverty. *Id.* Accordingly, the Court finds awarding fees here is appropriate.

### B. Amount of the Fee Award

Having found Petitioner is entitled to attorney fees under § 9007(b)(3), the Court must next address the reasonableness of the proposed fee award under established Ninth Circuit case law. *See Hensley*, 461 U.S. at 434.

**1. Reasonable Rates**

"Generally, when determining a reasonable hourly rate, the relevant community is the forum in which the district court sits." *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 979 (9th Cir. 2008) (citing *Barjon v. Dalton*, 132 F.3d 496, 500 (9th Cir. 1997)). Within the relevant community, the court considers the "rate prevailing in the community for similar work performed by attorneys of comparable skill, experience, and reputation." *Barjon*, 132 F.3d at 502 (quoting *Chalmers v. City of Los Angeles*, 796 F.2d 1205, 1210–11 (9th Cir. 1986)). The relevant legal community in this case is Boise, Idaho, because although the Petition was filed in the Eastern Division of the District of Idaho, the parties later stipulated to changing the venue to the Southern Division (Dkt. 28; Dkt. 30).

Here, Petitioner offers the hourly rates of $595 for Ms. Grande and $450 for Mr. McCue (Dkt. 68-4 ¶ 9). At first blush, Ms. Grande's rate appears high for the Boise market. But the Boise legal market has changed considerably in recent years. Idaho-wide billing data reflects a substantial increase in average attorney rates, from $267 per hour in 2024 to $305 per hour in 2025, with rates reaching as high as $600, depending on practice area. Recent decisions in this District likewise reflect the changing market. In 2025, the Court found hourly rates ranging from $430 to $460 reasonable for an attorney with more than forty years of experience. *SBP LLLP v. Hoffman Constr. Co. of Am.*, No. 19-cv-00266-DCN, 2025 WL 959517, at *4 (D. Idaho Mar. 31, 2025). More recently, the Court approved a $500 hourly rate for experienced partners, recognizing that although the rate was "at the higher end of the Boise market," it was reasonable given the attorneys' experience. *Champine v. Boise Sch. Dist.*, No. 23-cv-00338-DCN, 2026 WL 1847099, at *2 (D. Idaho June 26, 2026). The Court has also recognized that "it has 'been this Court's experience that attorneys at regional firms, such as Holland & Hart, charge hourly rates at or near, but not above, the high end of acceptable rates for the Boise area.'" *Bundy v. St. Luke's Health Sys. Ltd.*,

No. 23-cv-00212-DCN, 2023 WL 7282880, at *4 (D. Idaho Nov. 2, 2023) (quoting *LaPeter v. Can. Life Ins. of Am.*, 6-cv-121-BLW, 2007 WL 4287489, at *1 (D. Idaho Dec. 4, 2007)). Petitioner's counsel also points to a November 2025 Idaho state-court order awarding Holland & Hart $32,800 for 40 hours of work (Dkt. 68-4 ¶ 11 n.2; Dkt. 68-6 at 5). Although the order does not identify the individual attorneys' billing rates, the award reflects an average hourly rate of $820 (Dkt. 68-6 at 5). Taken together, these developments demonstrate that the prevailing market rates in Boise have shifted upward in recent years.

Ms. Grande submitted an affidavit affirming the rates requested in this case are reasonable in the Boise Market (Dkt. 68-4 ¶¶ 9, 11). Ms. Grande began practicing in 2014 and is a partner at Holland & Hart's Boise office (*id.* ¶ 9). She has over a decade of experience litigating complex civil lawsuits and has litigated several Hague Convention cases in this District (*id.*). Petitioner also submitted the declaration of local attorney and former U.S. Attorney for the District of Idaho, Wendy J. Olson, to support counsel's rates (Dkt. 68-1 at 10; Dkt. 68-3). Ms. Olson is a partner with the regional law firm of Stoel Rives LLP , and she attests that her hourly rate in 2025 was $710 and that her rate is reasonable and customary in the Idaho legal market for attorneys with her years and breadth of experience (Dkt. 68-3 ¶ 8). Ms. Olson has practiced law for more than thirty-five years, including twenty-eight years in the Boise legal community, and she states she has firsthand knowledge of the rates charged by other law firms through her experience with attorney-fee requests in civil cases (*id.* ¶ 10). Based on that experience and her familiarity with Ms. Grande's work, including her work on a prior Hague Convention case, Ms. Olson opines that Ms. Grande's hourly rate is reasonable (*id.* ¶¶ 9, 11–12). She likewise opines that Mr. McCue's $450 hourly rate is reasonable, noting his approximately three years of practice and experience as a former federal district court law clerk (*id.* ¶ 13).

The Court recognizes that because of the nature of international Hague Convention cases, willing and capable attorneys "are few and far between," *Mares-Orozco v. Guzman*, No. 23-CV-00026-DCN, 2023 WL 5179674, at *5 (D. Idaho Aug. 10, 2023), as evidenced by Petitioner's affidavit recounting the difficulty of finding an attorney (Dkt. 68-2 ¶¶ 6–7, 11). That specialized nature, coupled with the upward shift in the prevailing Idaho legal market and the experience of Petitioner's counsel, supports the rates requested here. The record reflects that Ms. Grande's $595 hourly rate falls within the range of rates now recognized in the Boise market for experienced attorneys, while Mr. McCue's $450 rate is consistent with rates previously found reasonable in this District. The Court therefore finds Petitioner's counsel's requested hourly rates are reasonable.

Petitioner also requests fees for Ms. Montgomery, a paralegal, at $330 an hour. This amount is significantly higher than what this Court has recently awarded. *See, e.g.*, *SBP*, 2025 WL 959517, at *4 (approving paralegal hourly rates of $155 to $195); *Yates v. Insure Right Ins. Agency, L.L.C.*, No. 24-CV-00095-DCN, 2026 WL 1786286, at *3 (D. Idaho June 22, 2026) (awarding paralegal of seventeen years hourly fee of $175 to $185), *decision set aside in part*, 2026 WL 2226190 (D. Idaho Aug. 3, 2026). In a recent Hague Convention case, the Court approved of paralegal rates between $140 and $215 as reasonable for the Boise market. *Mares-Orozco*, 2023 WL 5179674, at *5.

Ms. Montgomery has more than thirty years of experience, however, as a litigation paralegal and substantial experience supporting Hague Convention matters in this District (Dkt. 68-4 ¶ 9 (citing *Hernández Martínez v. Palmer*, Case No. 4:21-cv-00520-DCN (D. Idaho); *Smith v. Smith*, Case No. 1:17-cv-00489-BLW (D. Idaho); *Pennacchia v. Hayes*, Case No. 1:16-cv-00173-EJL (D. Idaho); *Azpeitia Palacios v. Cueva*, Case No. 1:15-cv-00470-EJL (D. Idaho); and *Guadarrama Ayala v. Ayala Ayala*, Case No. 1:21-cv-00046-RCT (D. Idaho)). Ms. Grande

explains that Ms. Montgomery's rate reflects both her senior litigation experience and her specialized support in Hague Convention cases, including exhibit management and courtroom technology, interfacing with foreign language translators and courtroom interpreters, and securing the logistics for remote appearance and testimony of foreign resident witnesses (Dkt. 68-4 at ¶ 9.c.). Ms. Olson, likewise, opines that Ms. Montgomery's rate is reasonable and consistent with rates charged by similarly qualified and experienced litigation paralegals at Stoel Rives (Dkt. 68-3 ¶ 13).

The Court finds that Ms. Montgomery's experience and specialized work support a rate at the higher end of the range previously found reasonable in this District, and the Court finds that $330 per hour is reasonable. It emphasizes, however, that this rate is based on Ms. Montgomery's thirty years of experience and her unique specialty in Hague Convention cases.

Using the approved reasonable hourly rates discussed above, the total amount of attorney fees are $150,583.[2]

**2. Reasonable Hours Expended**

A court may exclude from the fee calculation hours that were not "reasonably expended," such as hours which are "excessive, redundant, or otherwise unnecessary." *Hensley*, 461 U.S. at 434. The fee applicant bears the burden of proof and "can meet his burden—although just barely—by simply listing his hours and identifying the general subject matter of his time expenditures." *Fisher v. SJB-P.D. Inc.*, 214 F.3d 1115, 1121 (9th Cir. 2000) (citation modified). "By and large, the court should defer to the winning lawyer's professional judgment as to how much time he was

---

[2] Ms. Grande billed 157.6 hours at a reasonable hourly rate of $595, resulting in $93,772 in fees. Mr. McCue billed 76.6 hours at a reasonable hourly rate of $450, resulting in $34,470 in fees. Ms. Montgomery billed 67.7 hours at a reasonable hourly rate of $330, resulting in $22,341 in fees.

required to spend on the case; after all, he won, and might not have, had he been more of a slacker." *Moreno v. City of Sacramento*, 534 F.3d 1106, 1112 (9th Cir. 2008).

The Court finds that the amount of time billed on this matter, in light of the exigent circumstances driving this Hague Convention litigation and the need to prepare for trial in a short time frame, is reasonable. As noted above, Respondent's conduct unnecessarily expanded the proceedings and required Petitioner's counsel to expend additional time addressing factual, legal, and evidentiary issues. Moreover, Respondent has not disputed the reasonableness of the time expended. The Court therefore finds the hours reasonably expended on this matter compensable.

### 3. *Kerr* Adjustments

As a final step in assessing the reasonableness of a fee award, the Court must measure the lodestar figure against the *Kerr* factors—originally laid out in *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975)—to determine whether an adjustment to the lodestar figure is necessary. *Mares-Orozco*, No. 23-cv-00026-DCN, 2023 WL 5179674, at *5 (D. Idaho Aug. 10, 2023). The Court need not consider every *Kerr* factor, but only those relevant to the Court's decision and necessary to determine the reasonableness of the fee award. *Cairns v. Franklin Mint Co.*, 292 F.3d 1139, 1158 (9th Cir. 2002). "Only in rare instances should the lodestar figure be adjusted on the basis of other considerations." *Harris v. Marhoefer*, 24 F.3d 16, 18 (9th Cir. 1994). "The burden of proving that such an adjustment is necessary" is on the party that wishes to make the adjustment. *Blum*, 465 U.S. at 898.

Here, Respondent did not respond to Petitioner's motion and therefore has not met her burden of demonstrating that an adjustment to the lodestar is warranted. Because the Court already considered the relevant *Kerr* factors in calculating the lodestar, and Respondent has identified no basis for adjusting that calculation, the Court declines to adjust the fee award under *Kerr*. Having

reviewed Petitioner's affidavit and bill of costs (Dkt. 68-4 ¶ 16; Dkt. 69), the Court also finds that his asserted costs for $3,178.25 are reasonable.

**4. Clearly Inappropriate**

The last issue to address is whether the recommended award of fees and expenses is clearly inappropriate. The "substantial burden" on this point rests with Respondent. *Rath v. Marcoski*, 898 F.3d 1306, 1311 (11th Cir. 2018). Given Respondent's failure to oppose or otherwise respond to Petitioner's motion, the Court finds that the recommended award of attorney fees and necessary expenses is not clearly inappropriate. *See Llanso v. Rivers*, No. 23-CV-22341, 2024 WL 776021, at *3 (S.D. Fla. Feb. 26, 2024) ("Respondent's failure to respond is sufficient for the Court to conclude that Respondent has failed to establish that such an award is 'clearly inappropriate' under 22 U.S.C. § 9007(b)(3).")

Accordingly, the Court grants the motion and awards Petitioner $150,583 in attorney fees and $3,178.25 in costs.

## IV. ORDER

**IT IS HEREBY ORDERED:** Petitioner's Motion for Attorney Fees and Costs (Dkt. 68) is **GRANTED**. Petitioner is awarded attorney fees in the amount of $150,583 and costs in the amount of $3,178.25.

DATED: September 28, 2026

/s/ Amanda K. Brailsford

Amanda K. Brailsford
U.S. District Court Judge